

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# William Rawls v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"William Rawls v. PA Dept Corr" (2009). *2009 Decisions.* Paper 1153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-212                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1583
_____

WILLIAM RAWLS,

                                                         Appellant

v.

THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; BOARD OF
PROBATION PAROLE; JEFFREY BEARD, Secretary of Corrections; JOHN S.
SHAFFER, Executive Deputy Secretary; CATHERINE C. MCVEY, Chairperson of the
Board; CICILIA VALASQUEZ, Director of Operations; RICK ZERAMBO, Partial Unit
Director; KARREN GLADDNEY, Partial Unit Supervisor; MELVIN STOKES, Director;
AL PLUGAISLIE, Administrator; RHONDA PARKS, Counselor; ERNIE BELLO,
Corrections Regional Coordinator; STEPHANIE SMITH, Corrections Regional
Coordinator; GERALD ROZUM, Superintendent; STEVEN GATES, Deputy
Superintendent; HEIDI SROKA, Assistant of Superintendent; SUSAN DARR, Mail
Supervisor; ED MULLIGAN, Unit Manager; ALLEN JOSEPH, Classification
Coordinator; MICHAEL PREBISH; REBECCA GAUNTNER, Librarian; ROBERT
MCGRATH, Medical Director; RITTENOUR, Sergeant; SEAN FINEGAN; ANDREW
SONE; JUSTIN KENNETT, PA Board of Probation and Parole Agents; LOUIS
ZAYON; JOSE ALVARADO, PA. Board of Probation and Parole Eastern Division
Supervisors; LLOYD WHITE, Board Hearing Examiner; BONNIE BRIGANCE
LEADBETTER, Commonwealth of PA. Chief Judge; NEWTON, Director of Operations;
KISSIE DOHERTY, Unit Manager; CUMMINGS, Unit Counselor

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:08-cv-01564)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2009

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 22, 2009 )

_____

OPINION
_____

PER CURIAM

William Rawls, an inmate at the State Correctional Institution at Somerset, Pennsylvania, appeals the order of the United States District Court for the Eastern District of Pennsylvania denying his motion for a preliminary injunction. Because the appeal does not present a substantial question, we will summarily affirm. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

As we write primarily for the parties, who are familiar with the facts and procedural history of this case, we only briefly discuss the events leading to this appeal. In August 2008 – a few months after commencing this prisoner civil rights action – Rawls filed a motion for a preliminary injunction. He claimed, inter alia, that Appellees had conducted "an arbitrary [technical parole violation] re-parole review," had yet to return his previously confiscated legal documents, were tampering with his mail, and were withholding his medical records and not providing treatment for his medical conditions. Rawls sought an order (1) "granting [him] protection" under 18 U.S.C. § 3771 and 61 Pa.

2

Stat. § 331;[1] (2) authorizing "an impartial Federal investigation into the abuse allegations [he] asserts in his complaints"; and (3) restraining Appellees from "retaining [his] legal property, mail tampering, hindering [his] liberal public/community placement to attain any warranted medical care including therapeutic diet and exercise, and hindering legitimate liberal access to judiciary authorities of any kind, . . . embezzling [his] funds and assets, and deviating from any lawfully just practice(s)."

In February 2009, the District Court denied Rawls' motion, holding that his "legally and factually unintelligible filings" failed to satisfy the requirements for obtaining a preliminary injunction. Rawls now appeals the District Court's order to this Court.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1), and "review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted).

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not

[1]Section 3771 concerns crime victims' rights. Because there is no statute styled 61 Pa. Stat. § 331, Rawls presumably intended to refer to 61 Pa. Stat. §§ 331.1 to 331.34a, which are provisions relating to the Pennsylvania Board of Parole.

result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. The District Court did not err in concluding that Rawls failed to make this showing, for he did not submit evidence substantiating his claims.[2] See Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990) (stating that a preliminary injunction should issue "[o]nly if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief"). Accordingly, we will summarily affirm the District Court's denial of Rawls' motion for a preliminary injunction. To the extent Rawls' "Leave to File Certificate of Appealability as of [sic] Matter of Law" moves for appointment of counsel or raises additional requests for relief, those requests are denied.

---

[2]At the same time Rawls filed this appeal, he moved the District Court to reconsider its denial of his motion for a preliminary injunction. In support of his motion for reconsideration – which the District Court ultimately denied, a ruling that Rawls did not appeal – he submitted three pages of prison medical records. To the extent these records are legible, they do not indicate that Appellees failed to provide treatment; rather, they suggest only that Rawls was suffering from certain medical conditions. Accordingly, even if these medical records were part of the record on this appeal, they would not warrant overturning the District Court's denial of Rawls' motion for a preliminary injunction.